UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

RECEIVED
IN CLERK'S OFFICE
JUL 0 7 2016
U.S. DISTRICT COURT
MID. DIST. TENN.

CRAIG CUNNINGHAM, Pro-se )
)
*Plaintiff* )
) CIVIL ACTION NO.:
v. )                                    )
)
Collecto, Inc., dba EOS CCA and Paul Leary Jr. )

*Defendants.*

### Plaintiff's Original complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Collecto, Inc., dba EOS CCA is a debt collector as defined by the TCPA and is operating and can be served via registered agent Paul Leary at 700 Longwater Dr., Norwell, MA 02061.

3. Paul Leary Jr. is the president, treasuer, secretary, and a director of the Collecto, Inc corporation. and can be served at the address above.

### Jurisdiction

4. Jurisdiction of this court arises as the acts happened in this county.

5. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

### FACTUAL ALLEGATIONS

6. In 2015 and 2016, the Plaintiff received multiple debt collection phone calls to the Plaintiff's cell phone which connected the Plaintiff to an agent. The Plaintiff recieved a call at 615-348-1977on at least 7 different occasions, 9/25/2015, 3/3/2016, 3/17/2015, 5/3/2016, 5/7/2016, 5/12/2016, and 6/14/2016 from 855-974-6089.

7. The Plaintiff also recieved multiple calls to another cell phone owned by the Plaintiff, which was 615-348-1977 on 3/3/2015, 3/6/2015, and 3/16/2015. The calls were from 855-974-6110 and 855-974-6112.

8. Each and every call contained was initiated by an automated telephone dialing system and almost all call contained a pre-recorded message. The pre-recorded message started after about a 5-7 second delay and stated *"We have an important message from EOS CCA. This is a call from a debt collector. Please call 855-974--6110"*

9. One of the calls was simply dead air as the Plaintiff repeatedly said "hello...hello" and nobody answered until the line disconnected.

10. This is just one of many harassing debt collection calls the Plaintiff has received, and the Plaintiff has not been able to ascertain where this erroneous information is coming from, and as EOS CCA is just content to knowingly call what could be wrong numbers, the Plaintiff is therefore subjected to multiple harassing phone calls.

11. The Plaintiff alleges that Defendant EOS CCA is a debt collector as defined by the FDCPA.

12. The Plaintiff is a third party, and the communication violated 15 USC 1692(c)(a)(b), which generally prohibits communication with 3rd parties, and the call was not being made for the purpose of acquiring location information as defined by 15 USC 1692(b). The Debt collector was taking a flyer just dialing possible numbers, knowing full well that they were quite likely to reach an innocent 3rd party. This is harassing behavior likely to annoy a reasonable person in violation of 15 USC 1692(d).

13. Upon information and belief, the Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5).

14. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

15. The calls violated 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b) as the regulation requires that *"All artificial or prerecorded telephone messages shall: At the beginning of the message state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the state corporation comission or comparable regulatory authority must be stated."* as the pre-recorded message failed to state the corporate name Collecto, Inc., under which Collecto, Inc is registered with the state of Massachussets the defendants violated this subsection.

16. These calls were knowingly and willfully placed as calls as there were a double

digit number of calls that came even after the Defendants had or should have ascertained they were calling the wrong person.

## Corporate officer Liability

17. Defendant Paul Leary is directly liable for the automated and pre-recorded calls placed by or on behalf of Defendant Collecto, Inc. Defendant Paul personally authorized the scripts that were used and the use of an automated telephone dialing system used to call the Plaintiff.

18. Defendant Paul knew of complaints and that his system was being used to frequently reach the wrong consumers, and that illegal automated telephone calls were being placed without consent and without an emergency purpose and yet he continued to allow the Automated telephone dialing system to be used and failed to take any action to prevent the illegal calls from happening. Multiple lawsuits have been filed against Defendant Collecto in the time that the Plaintiff recieved calls.

19. Defendant Paul had direct, personal participation in the selection, evaluation, and direction that calls be placed by or on behalf of Collecto, Inc.

## CAUSES OF ACTION:

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

20. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

21. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's Cell phone.

## 22. COUNT II

### 23. Violations of the Telephone Consumer Protection Act (TCPA)

24. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's Cell phone. The calls violated 47 USC 227(b) and 47 USC 227(c)(5) and the regulations under 47 CFR 64.1200 et seq.

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call

C. Pre-judgment interest from the date of the phone calls.

D. Attorney's fees for bringing this action as incurred; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, Tn 37211

615-348-1977
June 27th 2016

5543 Edmondson Pike
Ste 248
Nashville, TN 37211

US District Court
801 Broadway
Nashville, TN 37203

RECEIVED
IN CLERK'S OFFICE
JUL 0 7 2016
U.S. DISTRICT COURT
MID. DIST. TENN.

PRIORITY MAIL 2-DAY™
U.S. POSTAGE $6.85
EXPECTED DELIVERY 07/07/2016    0 lb. 12.60 oz.
SHIP TO: 0006

801 BROADWAY
NASHVILLE TN 37203-3816

USPS TRACKING NUMBER
9505 5000 1905 6187 0000 18